**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALJIT SINGH, | No. 13-72676 |
| Petitioner, | Agency No. A098-847-983 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:      TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

   Baljit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

discretion the BIA's denial of a motion to reopen.  *Toufighi v. Mukasey*, 538 F.3d

---

   [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because it was filed more than four years after his order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish materially changed circumstances in India as to qualify for the regulatory exception to the time limitation for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (evidence must be "qualitatively different" to warrant reopening); *see also Toufighi*, 538 F.3d at 996-97 (evidence was immaterial in light of prior adverse credibility determination); *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (holding that "the procedural requirements specified in 8 C.F.R. § 1003.2(c) apply to CAT claims").

**PETITION FOR REVIEW DENIED.**